UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN E. BURGAUER, as Trustee of
the Paul D. Burgauer Revocable Living
Trust, dated May 25, 1987 and as
amended, an Irrevocable Trust,

    Plaintiff,

v.                                          Case No: 5:23-cv-708-PRL

PREMIER TRUST, INC., a corporation
of the State of Nevada and purported-
prior trustee of the Paul D. Burgauer
Revocable Living Trust,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's motion for protective order. (Doc. 47). Defendant filed a response in opposition. (Doc. 49). For the reasons explained below, Plaintiff's motion is due to be denied.

## I.    BACKGROUND

This action arises out of state court litigation in the State of Nevada ("Nevada Litigation"),[1] concerning the fiduciary duties and actions taken by defendant Premier Trust, Inc. ("Defendant" or "Premier Trust")—a temporary trustee of the Paul D. Burgauer Revocable Living Trust, dated May 25, 1987 ("Marital Trust").[2] Plaintiff Steven E. Burgauer

---

[1] For a brief background on the Nevada Litigation, *see* footnote no. 3 below.

[2] Upon the death of Paul Burgauer ("Settlor") on January 28, 2003, the Paul D. Burgauer Revocable Living Trust, dated May 25, 1987 became irrevocable, and its assets were distributed into two separate trusts—(1) the "Marital Trust," created for the benefit of Margaret Burgauer

("Plaintiff" or "Steven") has served as the trustee of the Marital Trust from January 28, 2003 (upon the death of the Settlor) (Doc. 1-1 at ¶ 2) to April 22, 2019 (when Plaintiff was removed as trustee of the Marital Trust in the Nevada Litigation) (Doc. 49-3 at p. 2), and then from October 2, 2023 (when the Nevada Litigation concluded) (Doc. 49-5) to the present date. Defendant served as a temporary trustee of the Marital Trust from May 1, 2019 (when a Nevada state court appointed it to serve as a temporary trustee of the Marital Trust) (Doc. 49-3 at p. 3) to October 2, 2023 (when the Nevada Litigation concluded) (Doc. 49-5).

As stated in the complaint, Plaintiff alleges that Defendant, as the prior trustee of the Marital Trust, breached its fiduciary duties and committed a breach of trust by undertaking the following actions: (1) selling Marital Trust property located at 12375 NE 48th Circle, Oxford, Florida 34484 ("Florida Property") far below market value; (2) distributing Marital Trust principal to Margaret—the net income beneficiary—in direct violation of the terms of the Marital Trust; (3) paying attorneys' fees and costs from the Marital Trust in the Nevada Litigation[3] despite the lawsuit not benefitting the Marital Trust; and (4) compelling Plaintiff

---

("Margaret") and provided that Margaret would receive the net income of the Marital Trust (Doc. 47 at p. 2); and (2) the "Paul D. Burgauer Residuary Trust" (Doc. 49 at p. 2; Doc. 49-5 at p. 3).

[3] On March 19, 2018, Margaret filed a trust administration action in Nevada state court, alleging, *inter alia*, that Steven, as successor trustee of the Marital Trust, refused to distribute payments owed to her under the Marital Trust; refused to provide an accounting of the Marital Trust after repeated requests; and engaged in self-dealing, dilatory, and abusive actions in administering the Marital Trust, as he failed to comply with the terms of the Marital Trust and converted Marital Trust funds to himself rather than to Margaret, the beneficiary of the Marital Trust. (Doc. 49-1). In her petition, Margaret requested that the court to (1) assume jurisdiction over the Marital Trust; (2) remove Steven as trustee of the Marital Trust for cause and appoint a new trustee; (3) compel an accounting and order Steven to reimburse her for refusing to provide an accounting; (4) restore her trust payments; (5) compel production of any and all trust documents; (6) and review Steven's "Power of Attorney." (*Id.* at p. 29). Steven moved to dismiss the case based on the court's lack of personal jurisdiction, arguing that the Nevada State Court did not have the requisite minimum contacts with the state of Nevada since all the assets of the Marital Trust were located in Illinois and Florida. (Doc. 47 at p. 3). Ultimately, the Nevada Litigation went up to the Nevada Supreme Court, which found that the trial court lacked personal jurisdiction over Steven and remanded the matter to

to incur substantial attorney's fees and costs in defending himself in the Nevada Litigation. (Doc. 1-1). Among his eight counts asserted in the complaint, Plaintiff asserts a claim for damages in count seven, alleging that Defendant caused him to incur attorney's fees and costs in the Nevada Litigation, and because he prevailed, Defendant should be required to reimburse him for those fees and costs. (*Id*. at ¶¶ 84-89, p. 24).

In response to Plaintiff's allegations, Defendant filed its answer (Doc. 46) on July 19, 2024, asserting various affirmative defenses, including lack of standing, set-off, and unclean hands. (Doc. 46). Specifically, in its affirmative defense for set-off, Defendant asserts that it would be entitled to a set-off or reduction of any damages awarded to Plaintiff in the following amounts: (1) "[a]ny distributions that the Trust should have made to Margaret under the terms of the Trust before the sale of the Florida Property and the distribution of the sale proceeds to Margaret"; (2) "[a]ny amounts that the Trust owed to legal counsel for Margaret because Margaret had to retain counsel to file legal action to obtain the distributions that were owed to her under the terms of the Trust"; and (3) "[a]ny amounts that the Trust may owe Margaret as a result of the Trust's improper transfer and use of Trust assets, including, without limitation, the Trust's transfer of the Florida Property to 12375 Holding, and any damages or losses incurred as a result of the Line of Credit given by the Trust to Burgauer-Albrecht Holding, Inc." (*Id*. at pp. 16-17).

---

the trial court for it to unwind the orders entered by the court (including the orders granting Margaret's motion to remove Steven as trustee and appointment of new trustee and confirming appointment of temporary trustee in Premier Trust). (*Id*.); *see Matter of Paul D. Burgauer Revocable Living Tr.*, 521 P.3d 1160 (Nev. 2022). On remand, on October 2, 2023, the court dismissed the matter without prejudice, ordering all prior orders entered by the court as void *ab initio* and vacated *nunc pro tunc* to March 19, 2018—the date Margaret's original petition was filed. (Doc. 49-5).

During discovery, Defendant served Plaintiff with its first set of interrogatories (Doc. 47-9) and requests for production of documents (Doc. 47-10) on September 26, 2024. On October 30, 2024, the parties conferred via conference call, attempting to resolve various issues raised in Defendant's discovery requests, but could not agree on a resolution of all the issues. (Doc. 47 at p. 20).

Plaintiff has now filed a motion for a protective order against Defendant pursuant to Rule 26(c). (Doc. 47). Plaintiff seeks to limit the scope of his responses and prevent Defendant from discovering information regarding his activities as trustee of the Marital Trust from 2003 to 2015, arguing that such requests are overbroad and unduly burdensome.[4] Defendant filed a response in opposition to Plaintiff's motion, contending that a protective order is unnecessary because the disputed requests—which seek information and documentation from 2003 to the present date—are not overly broad and directly relevant to Plaintiff's claim for damages and its defenses. (Doc. 49).

## II.   LEGAL STANDARDS

Courts have broad discretion in controlling the discovery in a case. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-CV-1671-ORL-31DAB, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007).

---

[4] At issue are the following discovery requests: Interrogatory Nos. 1 and 3-5; and Request for Production Nos. 1-8, 35-36, and 38-39. (Doc. 47 at pp. 5-7; Doc. 47-9 at pp. 4-5; Doc. 47-10 at pp. 4-5, 11).

Generally, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. *See* Fed. R. Civ. P. 26(b)(1).

Rule 26(c) allows the Court to limit or prevent discovery on certain matters. *See* Fed. R. Civ. P. 26(c). Under Rule 26(c), a protective order may be issued for "good cause" to protect a person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding the discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure of discovery to certain matters. *See* Fed. R. Civ. P. 26(c)(1)(A), (D). "A protective order should be entered only when the movant makes a particularized showing of 'good cause' and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements[,] and unsupported contentions do not suffice." *E.E.O.C. v. DiMare Ruskin, Inc.*, No. 2:11-CV-158-TM-99, 2012 WL 12067868, at *3 (M.D. Fla. Feb. 15, 2012) (citing *Gulf Oil Company v. Bernard*, 452 U.S. 89, 102 n.16 (1981)); *see Wyndham Hotels and Resorts, LLC v. Leisure Getaways, Inc.*, No. 6:17-CV-501-ORL-31GJK, 2017 WL 10059023, at *3 (M.D. Fla. Oct. 25, 2017) ("Generalized concerns, conclusory statements, or unsupported contentions are insufficient reasons for entry of a protective order.").

The moving party requesting a protective order "carries the burden of showing good cause and/or the right to be protected." *See Schneider v. Hertz Corp.*, No. 3:05CV-1298-J-MCR, 2007 WL 1231834, at *2 (M.D. Fla. Apr. 26, 2007). "[W]hether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001); *see In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)

("'Good cause' is a well[-]established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action."). There are several factors for courts to consider in determining if good cause exists to enter a protective order, including (1) "the severity and the likelihood of the perceived harm"; (2) "the precision with which the order is drawn"; (3) "the availability of a less onerous alternative"; and (4) "the duration of the order." *See In re Alexander Grant & Co. Litig.*, 820 F.2d at 356. "[T]he Court must [also] evaluate and balance the interests of the parties and the non-parties concerning dissemination of discovery material." *E.E.O.C.*, 2012 WL 12067868, at *3 (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d at 357).

### III. DISCUSSION

Plaintiff asserts that Defendant's discovery requests, requesting information and documentation pertaining to his activities and conduct as trustee of the Marital Trust from 2003 to 2015, are overbroad and unduly burdensome. Plaintiff argues that such requests are overbroad because there have been no specific allegations raised in this action relevant to his activities as trustee before January 1, 2016, as the earliest allegation of any potential wrongdoing committed by the Plaintiff in the Nevada Litigation is from January 17, 2017— when he purportedly terminated distributions owed to Margaret under the terms of the Trust. Plaintiff concedes that Defendant's requests relating to any Marital Trust distributions made to Margaret in 2016 are relevant to establishing the prior distribution baseline and distribution amount since there are allegations from the Nevada Litigation that Margaret had been receiving distributions in 2016. Plaintiff also argues that Defendant's requests are unduly burdensome because it would be extremely time-consuming and expensive for Plaintiff and his counsel to produce 13 years of additional documentation from 2003 to 2015.

In response, Defendant contends that the requested discovery is not overly broad because discovery on matters relating to Plaintiff's activities as the trustee of the Marital Trust from 2003 to 2015 is necessary to determine the potential issue of damages and substantiate several defenses, including its defense for set-off, which could reduce the amount it would otherwise be liable for. Defendant further asserts that the disputed requests are directly relevant to Plaintiff's damages claim and its defenses for lack of standing, unclean hands, and set-off.

As stated above, good cause requires a specific demonstration of fact rather than a generalized concern or conclusory statement. *See E.E.O.C.*, 2012 WL 12067868, at *3; *Wyndham Hotels and Resorts, LLC*, 2017 WL 10059023, at *3. Here, Plaintiff fails to make a specific demonstration of fact supporting the need for a protective order. Instead, Plaintiff expresses a generalized concern that Defendant's requests are unduly burdensome because it would be "extremely time[-]consuming and expensive" to produce information and documentation from 2003 to 2015. Plaintiff provides no evidence to support this concern. Although Plaintiff included an affidavit from Margaret (Doc. 47-2) in his motion, that affidavit—signed and dated on March 19, 2018—was filed in connection with the Nevada Litigation and not this current matter. Moreover, despite Plaintiff's concern about producing discovery over a 13-year period from 2003 to 2015, he has agreed to provide discovery covering almost a 10-year period from January 1, 2016 to the present date, subject to any privileges that may apply. (Doc. 47 at p. 9). Plaintiff fails to explain how producing the same or substantially similar information and documentation from 2003 to 2015 would be more difficult or burdensome. Simply put, Plaintiff's generalized concern is insufficient to establish good cause.

Further, Plaintiff's argument that the requested discovery is overly broad is also unavailing. Defendant's requests are relevant to Plaintiff's damages claim and its affirmative defenses, and proportional to the needs of the case. As Defendant explains, since this case arises from the Nevada Litigation and is related to Defendant's actions taken as temporary trustee of the Marital Trust during that time, the requested discovery is necessary and specifically tailored to substantiate its defenses. According to Defendant, the requested discovery is necessary to determine whether Plaintiff "lacks standing to pursue his claims because his breach of the Trust [will] have removed any authority for him to act on behalf of the Trust." (Doc. 49 at p. 8). Defendant also discusses the necessity of the discovery to understand whether Plaintiff has "unclean hands and [whether] any damages he is claiming were caused by his own wrongful conduct, which both prevents his claims and resulted in the Nevada Probate Court orders through which his damage claims arise." (*Id*. at p. 9). Finally, Defendant intends to "offset against any damage claim for any money distributed to Margaret." (*Id*.). To ascertain the proper set-off amount and damages more generally, Defendant must examine the relevant information and documentation from Plaintiff during discovery. *See Wyndham Vacation Resorts Inc. v. DVD II Grp., LLC*, No. 6:21-CV-1937-CEM-EJK, 2023 WL 3092632, at *1-2 (M.D. Fla. Apr. 26, 2023) (finding that documents relevant to the issue of set-off should be produced during discovery rather than post-judgment); *Northstar Moving Holding Co., Inc. v. King David Van Lines*, No. 19-62176-CIV-2021, WL 9794638, at *2 (S.D. Fla. Sept. 27, 2021) (finding that documents relevant to the issue of potential damages, including set-off, should be produced during the discovery stage). On balance, considering the interests of the parties concerning the dissemination of the disputed

discovery material, the Court—in its discretion—finds that the Defendant has a significant interest in the requested discovery.

As a final matter, Defendant requests attorney's fees and costs in responding to this motion. (Doc. 49 at p. 19). If a court denies a motion for protective order, it must award the prevailing party reasonable expenses, including attorney's fees, incurred as a result of submitting the motion unless "the motion was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(B). Although Plaintiff did not prevail in this matter, the Court finds that Plaintiff's motion was substantially justified, as "reasonable people could differ" on the issues Plaintiff raised and whether the scope of Defendant's requests was appropriate. *See LaFavors v. Thayer*, 706 F. App'x 489, 491 (11th Cir. 2017). Therefore, Defendant's request for attorney's fees and costs is denied.

**IV.  CONCLUSION**

Accordingly, Plaintiff's motion for protective order (Doc. 47) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on January 24, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties