UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STEVEN E. BURGAUER,**

    Plaintiff,

v.                                                                                                     Case No: 5:23-cv-708-PRL

**PREMIER TRUST, INC.,**

    Defendant.

## ORDER

This cause comes before the Court on a Motion to Enjoin Defendant from Proceeding in State Court Pursuant to 28 U.S.C. § 2283 ("Motion to Enjoin") filed by Plaintiff Steven Burgauer ("Plaintiff") on April 2, 2025. (Doc. 61). In the Motion to Enjoin, Plaintiff requests that the Court enjoin Defendant Premier Trust, Inc. ("Defendant" or "Premier Trust") from proceeding on its Motion to Intervene filed in the case of *Margaret Burgauer v. Steven Burgauer*, Case No. 2020-CA-000154 ("Florida State Court Case"), in the Circuit Court of the Fifth Judicial Circuit in and for Sumter County, Florida ("Sumter County Circuit Court") on March 26, 2025. (Doc. 61 at pp. 1, 10; *see* Doc. 61-1). On April 16, 2025, Defendant filed a response in opposition to Plaintiff's Motion to Enjoin, contending that it filed the Motion to Intervene in the Florida State Court Case to prevent the Sumter County Circuit Court from deciding issues related to this case before trial, and to avoid the possibility of litigation in the Florida State Court Case from having a preclusive effect on this case. (Doc. 66 at pp. 2, 6, 15, 19-20).

Given that the Sumter County Circuit Court granted Premier Trust's Motion to Intervene on May 4, 2025,[1] based on a review of the public records for the Florida State Court Case, it was unclear whether Plaintiff's Motion to Enjoin filed in this case should be rendered moot. (*See* Doc. 72). As a result, on May 15, 2025, the Court directed the parties to meet and confer in a good faith effort to discuss the issues raised by the Motion to Enjoin, as well as the extent to which the issues raised by the Motion to Enjoin still require resolution by the Court, and subsequently, to file a joint written notice advising the Court as to whether and to what extent Plaintiff's Motion to Enjoin required resolution by the Court. (*Id*.).

The parties have now filed a Notice of Withdrawal of Plaintiff's Motion to Enjoin ("Notice of Withdrawal"). (Doc. 76). In the Notice of Withdrawal, the parties advise the Court that Plaintiff has agreed to withdraw the Motion to Enjoin, thus making the motion moot. (*Id*. at pp. 1-2).[2]

---

[1] May 4, 2025 is the date reflected on the public docket of the Florida State Court Case when Sumter County Circuit Court granted Premier Trust's Motion to Intervene.

[2] The Court further notes that Defendant filed a separate filing entitled "Local Rule 3.01(i) Supplemental Authority Regarding Certain Rulings Issued in the Florida State Court Case Which Have Rendered Moot Plaintiff's Motion to Enjoin Premier Trust" ("Supplemental Notice") on May 16, 2025, before the Notice of Withdrawal. (Doc. 74). In the Supplemental Notice, pursuant to Local Rule 3.01(i), Defendant notified the Court that recent rulings issued in the Florida State Court case, including the granting of its Motion to Intervene and Motion to Stay Action Until Conclusion of Federal Court Action ("Motion to Stay"), have effectively rendered Plaintiff's Motion to Enjoin as moot. (*Id*. at pp. 1-4). Defendant attached a copy of the orders entered by the Sumter County Circuit Court granting its Motion to Intervene and Motion to Stay. (Docs. 74-1 & 74-2). In light of these two rulings, Premier Trust is now admitted to the Florida State Court Case as an intervenor, and the Florida State Court Case is stayed pending resolution of the instant action in this Court. (*See id*.).

Notably, the filing of Defendant's Supplemental Notice does not comply with Local Rule 3.01(i). *See* M.D. Fla. Local Rule 3.01(i) ("After filing a legal memorandum but before a decision, a party identifying a supplemental authority that is not merely cumulative may file—*without argument or comment*—a notice of supplemental authority that *contains only*: (1) a citation of the authority; (2) a specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements; and (3) a succinct quotation from the authority.") (emphasis added). Nevertheless, in this instance and in an abundance of caution, the Court has considered and reviewed the assertions raised in the Supplemental Notice and the exhibits attached thereto.

- 3 -

Accordingly, Plaintiff's Motion to Enjoin Defendant from Proceeding in State Court Pursuant to 28 U.S.C. § 2283 (Doc. 61) is **DENIED as moot**.

**DONE** and **ORDERED** in Ocala, Florida on May 22, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

However, the Court cautions Defendant that any future filings that do not comply with Local Rule 3.01(i) or any other Local Rule may be stricken.