UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STEVEN E. BURGAUER,**

    Plaintiff,

v.                                                           Case No: 5:23-cv-708-PRL

**PREMIER TRUST, INC.,**

    Defendant.

### ORDER

This cause comes before the Court on Plaintiff's Motion to Dismiss with Prejudice Pursuant to Rule 41(a)(2) ("Motion to Dismiss with Prejudice"). (Doc. 75). Plaintiff seeks to dismiss the case with prejudice under Rule 41(a)(2), acknowledging that he would be precluded from bringing a subsequent lawsuit against Defendant on the same claims asserted in this action. (*Id*. at pp. 1-2). Defendant filed a response labeled as a "Limited Opposition," stating that it does not oppose a dismissal with prejudice of Plaintiff's claims asserted against it, but only if the dismissal is conditioned upon Defendant seeking an award of attorney's fees and costs pursuant to 760 ILCS 3/1004 of the Illinois Trust Code and Local Rule 7.01 of the Middle District of Florida. (Doc. 78). For the reasons explained below, the Court will grant Plaintiff's motion and declines to attach conditions on the dismissal of the action.

I.   **BACKGROUND**

In this trust administration case, Plaintiff alleges breaches of fiduciary duties and breach of trust against Defendant related to its prior administration of the Paul D. Burgauer Revocable Living Trust, dated May 25, 1987 ("Trust").[1] (Doc. 1-1 at ¶ 1). Plaintiff sued Defendant in state court for (1) restitution for the sale of property located at 12375 NE 48th Circle, Oxford, Florida 34484 ("Florida Property") based on an erroneous order; (2) a breach of fiduciary duty for selling the Florida Property; (3) a breach of fiduciary duty for the under market sale of the Florida Property; (4) a breach of fiduciary duty for the distribution of principal to Margaret Burgauer (beneficiary of the Marital Trust); (5) breach of fiduciary duty for payment of attorney's fees and costs for legal services without a benefit to the Marital Trust; (6) a breach of fiduciary duty for payment of attorney's fees and costs for legal services harmful to the Marital Trust from the proceeds of the sale of the Florida Property; (7) a breach of fiduciary duty for compelling Plaintiff to incur attorney's fees and costs; and (8) a breach of trust. (*See generally* Doc. 1-1). Defendant then removed the action to this Court on December 7, 2023. (Doc. 1). Defendant disputes Plaintiff's allegations. (Doc. 46).

On March 31, 2025, Defendant filed a Motion for Summary Judgment, which is currently pending with the Court. (Doc. 60). Plaintiff filed a response in opposition to Defendant's Motion for Summary Judgment on April 28, 2025. (Doc. 69). Defendant filed a reply in support of its Motion for Summary Judgment on May 16, 2025. (Doc. 73).

---

[1] Upon the death of Paul Burgauer on January 28, 2003, the Trust became irrevocable, and its assets were distributed into two separate trusts—(1) the "Marital Trust," created for the benefit of Margaret Burgauer; and (2) the "Residuary Trust." (Doc. 78 at pp. 2-3).

Three days later, on May 19, 2025, Plaintiff filed the instant Motion to Dismiss with Prejudice, seeking to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 75 at pp. 1-2). Plaintiff contends that he filed the Motion to Dismiss with Prejudice "in good faith," and "[b]ecause the dismissal of this case would be with prejudice, [he] would be precluded from bringing a second lawsuit against Defendant on the same claims set forth in the Complaint, and thus, Defendant cannot complain it would be exposed to relitigating this case." (*Id.* at p. 2).

In its response labeled as a "Limited Opposition," Defendant indicates that it does not oppose a dismissal with prejudice of the claims asserted against it, "*but only* if such dismissal does not prejudice [Defendant's] right to seek recovery of its attorney's fees and costs from the Plaintiff." (Doc. 78 at pp. 1, 14) (emphasis in original). Consequently, Defendant requests that the Court "only grant [Plaintiff's] Motion to Dismiss with Prejudice, on the condition that the Court retains jurisdiction over the case, so that [it] can seek an award of its attorney's fees and costs incurred in defending this case, pursuant to 760 ILCS 3/1004 of the Illinois Trust Code and Local Rule 7.01" of the Middle District of Florida. (*Id.* at p. 9).

## II.   LEGAL STANDARDS

The district court has broad discretion in determining whether to allow dismissal of an action under Rule 41(a)(2). *See Potenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)); *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (per curiam) (citation omitted). "Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only 'upon order of the court and upon such terms and conditions as the court deems proper.'" *Potenberg*, 252 F.3d at 1255 (citing Fed. R. Civ. P.

41(a)(2)).[2] Unlike its counterpart in Rule 41(a)(1), dismissal under Rule 41(a)(2) "is not a matter of right." *See Fisher*, 940 F.2d at 1502 (citations omitted).

Nevertheless, "in most cases[,] a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *See McCants*, 781 F.2d at 856-57 (citation omitted) (emphasis in original). "Clear legal prejudice is determined by asking the 'crucial question' of whether the defendant would lose 'any substantial right' by the dismissal." *Young v. Roy's Rest.*, No. 6:06-cv-178-ORL-19JGG, 2006 WL 2598962, at *1 (M.D. Fla. Sept. 11, 2006) (quoting *Potenberg*, 252 F.3d at 1255-56; *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 358 (5th Cir. 1967)). "[W]hen exercising its discretion in considering a dismissal . . ., the court should keep in mind the interests of the defendant" because "Rule 41(a)(2) exists chiefly for protection of defendants." *See Fisher*, 940 F.2d at 1503 (citation omitted). To be more specific, "[t]he purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which *unfairly* affect the other side, and to permit the imposition of curative conditions[,]'" where appropriate. *See Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (quoting *McCants*, 781 F.2d at 856) (emphasis added). In effect, Rule 41(a)(2) "allows the court to prevent prejudice to the defendant in such cases by attaching conditions to the dismissal." *See Potenberg*, 252 F.3d at 1258.

Some courts consider a "multi-factor test" in determining whether a defendant will suffer prejudice in connection with a Rule 41(a)(2) motion to dismiss. *See United States v. $70,670 in U.S. Currency*, No. 15-cv-23616, 2018 WL 278890, at *2 (S.D. Fla. Jan. 3, 2018), *aff'd sub nom. United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293 (11th Cir. 2019). While

---

[2] Rule 41(a)(2) also provides that such an order is without prejudice, unless the Court's Order states otherwise. *See* Fed. R. Civ. P. 41(a)(2).

the Eleventh Circuit, unlike some other circuits, "does not rely on a list of factors to examine when considering a Rule 41 motion[,]" *see Bradley v. MARTA*, No. 1:13-cv-2082-TWT, 2014 WL 4449874, at *1 (N.D. Ga. Sept. 9, 2014), it has explained that a "district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate'" to prevent prejudice, *see Potenberg*, 252 F.3d at 1256 (quoting *McCants*, 781 F.2d at 857); *see also McCants*, 781 F.2d at 861 ("The district court judge is in a far better position than we are to weigh and advise us concerning the equities, whether currently in the record or not, that militate for and against the imposition of the various conditions [a party] claims are due.").

For instance, courts in this district have considered several factors, such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *See Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000) (citation omitted); *cf. Potenberg*, 252 F.3d at 1258 (relying on *McCants* for the proposition "that the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice") (citing *McCants*, 781 F.2d at 857-60). Critically though, a court must consider whether "the defendant [would] lose any substantial right by the dismissal." *See Potenberg*, 252 F.3d at 1255-56 (citation omitted).

## III. DISCUSSION

Upon review, the Court finds that it is appropriate to allow dismissal of the action with prejudice. While Plaintiff does not state a specific reason as to why he seeks to dismiss the case with prejudice, he makes it explicitly clear in his motion that he will not prosecute the same claims asserted in this action against Defendant in a subsequent lawsuit, and as a result, Defendant will not be forced to relitigate these same issues in the future. (Doc. 75 at p. 2); *see Higgins v. Equifax Info. Servs., LLC*, No. 8:17-cv-2054-EAK-TGW, 2018 WL 7413059, at *2 (M.D. Fla. Nov. 9, 2018) ("[A] dismissal with prejudice is deemed a final judgment on the merits, which bars a subsequent suit by Plaintiff against [Defendant] on the same cause[s] of action."); *Brieva v. Freezing Mech., Corp.*, No. 17-22980-CIV, 2018 WL 5098978, at *8 (S.D. Fla. Aug. 9, 2018), *report and recommendation adopted*, No. 17-cv-22980-KMM, 2018 WL 5098876 (S.D. Fla. Aug. 28, 2018) ("[T]he [p]laintiff's voluntarily dismissal with prejudice ensures that the Defendants will not be forced to relitigate these same issues in a second lawsuit.") (citation omitted). Defendant does not object to the Court granting Plaintiff's request for dismissal with prejudice; however, it requests that the dismissal be conditioned upon an award of attorney's fees and costs. (Doc. 78 at pp. 9, 13-16). As the parties agree that the case should be dismissed with prejudice, this Court must determine whether it is appropriate to attach curative conditions on the dismissal.

Defendant argues that that the dismissal should be conditioned upon it seeking an award of attorney's fees and costs because "any other outcome would be highly prejudicial to [Defendant]," as "[t]he procedural history of this case shows that [Plaintiff] waited until the close of discovery to file his Motion to Dismiss [with Prejudice], *after* Premier Trust had incurred and paid tremendous attorney's fees and costs and spent considerable time and effort

in defending itself in this case." (*Id.* at pp. 15-16) (emphasis in original). Defendant further contends that Plaintiff's Motion to Dismiss with Prejudice "is an attempt to avoid a judgment" and "make this case go away" while its Motion for Summary Judgment is pending, and consequently, "Plaintiff's actions [throughout this case] have caused [Defendant] to expend substantial amounts in attorney's fees and costs to defend itself against claims that should never have been brought." (*Id.* at p. 13, 15).

Courts may order a plaintiff to pay the defendant's attorney's fees and costs incurred in litigation as a "condition" for dismissal to prevent prejudice under Rule 41(a)(2). *See Young*, 2006 WL 2598962, at *2 (citation omitted); *see also Potenberg*, 252 F.3d at 1258. For that matter, in this circuit, "[t]here is legal precedence for awarding fees upon voluntary dismissal, but those fees are typically awarded (1) upon a plaintiff's refiling the same case[,] or (2) in cases where the defendants have expended considerable costs and the dismissal is without prejudice." *See Quillet v. Jain*, No. 6:12-cv-1283-ORL-28TBS, 2014 WL 12632907, at *1 n.1 (M.D. Fla. May 27, 2014) (collecting cases); *Young*, 2006 WL 2598962, at *2 (collecting cases, in which "[a]wards of costs and fees have been deemed appropriate where, for instance, the dismissal was for the purpose of re-filing the action in state court, or where the defendants have incurred fees and expenses in pursuing matters that would be of no use in subsequent litigation"). It is important to note that "[t]he purpose of awarding [fees and] costs is to reimburse the defendant for expenses incurred in defending the dismissed action and to deter vexatious or frivolous litigation in the future." *See Young*, 2006 WL 2598962, at *2 (citation omitted); *see also Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 273 (M.D. Fla. 1994)

(indicating that attorney's fees and costs are generally not awarded in cases voluntarily dismissed with prejudice, absent "exceptional circumstances").[3]

While the Court acknowledges Defendant's apparent frustration with what it deems to be Plaintiff's excessive delay or lack of diligence in filing the Motion to Dismiss with Prejudice after having fully briefed its Motion for Summary Judgment (Doc. 60) and conducting discovery through the entire discovery period, there is no evidence in the record to suggest that Plaintiff acted in bad faith or that he did not believe he had a meritorious case. *See Potenberg*, 252 F.3d at 1258 ("[T]he mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice.") (citing *McCants*, 781 F.2d at 857-60). In fact, Plaintiff filed a response in opposition to Defendant's Motion for Summary Judgment three weeks before filing the instant Motion to Dismiss with Prejudice, raising valid arguments of fact and law. (*See generally* Doc. 69). Additionally, Plaintiff's Motion to Dismiss with Prejudice was filed on May 19, 2025—three days after Defendant filed a reply (Doc. 73) in support of its Motion for Summary Judgment on May 16, 2025. Although Defendant has supposedly "incurred and paid tremendous attorney's fees and costs and spent considerable time and effort in defending itself in this case" (Doc. 78 at p. 15), courts have reasoned that "mere time and costs considerations are insufficient to establish prejudice to a party opposing a motion for voluntary dismissal." *See Higgins*, 2018 WL 7413059, at *2 (citing *Young*, 2006 WL 2598962, at *2); *see also Young*, 2006 WL 2598962, at *2 (citing *McCants*, 781 F.2d at 856-57; *Durham*,

---

[3] "Exceptional circumstances include a litigant's failure to perform a meaningful pre-suit investigation, and a repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system." *Attwood v. Clemon*, No. 1:18-cv-38-MW/GRJ, 2021 WL 7707720, at *1 (N.D. Fla. June 7, 2021) (quoting *Carroll v. E One Inc.*, 893 F.3d 139, 152 (3d Cir. 2018)).

385 F.2d at 367-68). Defendant fails to offer any evidence demonstrating that the Plaintiff acted in bad faith or intentionally delayed filing the Motion to Dismiss with Prejudice, causing judicial resources to be wasted or Defendant incurring unnecessary attorney's fees and costs. *See Higgins*, 2018 WL 7413059, at *2; *Young*, 2006 WL 2598962, at *2; *Reeder v. Am. Sec. Ins. Co.*, No. 6:20-cv-1795-ORL-22GJK, 2021 WL 1227530, at *3 (M.D. Fla. Jan. 20, 2021) (awarding defendant costs and fees upon dismissal due to plaintiff's oversight in filing two separate cases, which wasted judicial resources and caused defendant to incur unnecessary attorney fees and expenses).

In sum, Defendant has failed to establish that it will suffer clear legal prejudice from dismissal of the action. Therefore, the Court declines to condition the dismissal of Plaintiff's claims against Defendant upon an award of attorney's fees and costs incurred in defending the action. *See Murdock*, 154 F.R.D. at 273 ("The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant . . . has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial[.]") (citation omitted).

### IV.  CONCLUSION

Accordingly, based on the foregoing, it is **ORDERED** that:

(1) Plaintiff's Motion to Dismiss with Prejudice Pursuant to Rule 41(a)(2) (Doc. 75) is **GRANTED.**

(2) This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(2).

(3) Any pending motions are **DENIED as moot**.

(4) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Ocala, Florida on June 30, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties